UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CISCO SYSTEMS, INC. and CISCO
TECHNOLOGY, INC.,

                              Plaintiffs,

                v.

SHENZHEN TIANHENG NETWORKS CO.;
GEZHI PHOTONICS TECHNOLOGY CO.,
LTD.; SHENZHEN SOURCELIGHT
TECHNOLOGY CO.; HU JIANGBING; LI PAN;
DONG DAOSHUN; WANG WEI; and
DARIOCOM,

                              Defendant.

**MEMORANDUM
AND ORDER**

19-cv-6609 (LDH) (LB)

L A SHANN D E ARCY HALL, United States District Judge:

      Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. commenced this action against

Defendants Shenzen Tianheng Networks Co., Gezhi Photonics Technology Co., Ltd., Shenzhen

Sourcelight Technology Co., Hu Jiangbin, Li Pan, Dong Daoshun, Wang Wei, and Dariocom on

November 22, 2019.  (Compl., ECF No. 1.)  Plaintiff asserts claims for trademark infringement,

false description and designation of origin in commerce, federal false advertising, federal

dilution of mark, New York dilution of mark and injury to business reputation, New York

deceptive and unfair trade practices, unfair competition, and unjust enrichment.  (*Id*.)  On

November 22, 2019, Plaintiff filed a motion for a temporary restraining order ("TRO"),

preliminary injunction, and expedited discovery.  (ECF No. 3.)  A preliminary injunction is an

extraordinary and drastic remedy and should be granted only where the moving party establishes

(1) a likelihood of success on the merits, (2) a likelihood that it will suffer irreparable harm if a

preliminary injunction is not granted, (3) that the balance of hardships tips in its favor, and (4)

that the public interest is not disserved by relief.  *JBR, Inc. v. Keurig Green Mtn., Inc.*, 618 F.

App'x 31, 33 (2d Cir. 2015).  The standard for the issuance of a TRO is essentially the same.

*Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). However, unlike preliminary injunctions, "TROs . . . are characteristically issued in haste, in emergency circumstances, to forestall irreparable harm." *Romer v. Green Point Sav. Bank*, 27 F.3d 12, 16 (2d Cir. 1994). Unsurprisingly, then, a plaintiff's "[d]elay in seeking enforcement of [its] rights . . . tends to indicate at least a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985); *see also Majorica, S.A. v. R.H. Macy & Co., Inc.*, 762 F.2d 7, 8 (2d Cir 1985) ("Lack of diligence, standing alone, may . . . preclude the granting of preliminary injunctive relief, because it goes primarily to the issue of irreparable harm."). So is the case here.

According to the complaint, Plaintiff was suspicious that Defendants were peddling in counterfeit Cisco products as early as July 2019. At that time, Plaintiff deployed a private investigator to purchase transceivers from two company Defendants. (Compl. ¶ 52, 57.) In August, Plaintiff's suspicions were confirmed when several tests of the transceivers revealed that they were counterfeit. (Compl. ¶¶ 54, 59.) At that point, Plaintiff had also begun investigating the products of two other company Defendants. And, in September 2019, Plaintiff learned that these additional company Defendants' products were also counterfeit. (Compl. ¶¶ 64, 70.) Under a fair reading of the complaint, Plaintiff knew of Defendants' allegedly unlawful conduct as early as August 2019, but no later than September 2019. Yet, Plaintiff waited no less than seven weeks but as much as twelve weeks to seek emergency relief from the Court. Plaintiff's delay undermines any need for speedy action by the Court. *Citibank*, 756 F.2d at 276-77 (ten-week delay was unreasonable); *Carson Optical, Inc. v. Alista Corp.*, No. 19-CV-1725 (SFJ) (AKT), 2019 WL 3729460, at *5 (E.D.N.Y. Aug. 8, 2019) (two- to three-month delay was unreasonable).

2

While the Court was prepared to hear argument from Plaintiff on the day it filed its motion for a TRO, the Court is not required to do so as the law permits the Court to rule without the necessity of a hearing.[1] *See Redac Project 6426, Inc. v. Allstate Ins. Co.*, 402 F.2d 789, 790 (2d Cir. 1968) ("[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it."). Plaintiff's motion for a TRO is denied. The Court makes no finding with respect to Plaintiff's motion for a preliminary injunction and request for expedited discovery. The Court will hold a status conference in this matter on December 13, 2019, at 10:00 a.m., in Courtroom 4H North, during which it will set out a briefing schedule on Plaintiff's motion for a preliminary injunction and hear any request regarding discovery. Plaintiff shall serve Defendant with copies of its complaint, its motion papers, and this order by November 29, 2019. Plaintiff's request for alternative service of process is GRANTED. Plaintiff shall serve Defendants via email.

SO ORDERED.

Dated: Brooklyn, New York
      November 26, 2019

s/ LDH
LaSHANN DeARCY HALL
United States District Judge

---

[1] The Court notes that Plaintiff filed its request for a TRO late Friday afternoon on November 22, 2019. After the Court had readied itself for a hearing, the Court learned that no counsel for Plaintiff was available to appear. Instead, Plaintiff simply dispatched a clerk to file its request unconcerned as to whether the Court would benefit from argument.