UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CISCO SYSTEMS, INC. and CISCO
TECHNOLOGY, INC.,

                Plaintiffs,

-against-

SHENZHEN TIANHENG NETWORKS CO;
GEZHI PHOTONICS TECHNOLOGY CO., LTD.;
SHENZHEN SOURCELIGHT TECHNOLOGY
CO.; HU JIANGBING; LI PAN; DONG
DAOSHUN; WANG WEI; and DARIOCOM,

                Defendants.

19-CV-06609

**ORDER TO SHOW CAUSE FOR A
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

*EX PARTE* AND UNDER SEAL
PURSUANT TO 15 U.S.C. § 1116

---

LaSHANN DeARCY HALL, UNITED STATES DISTRICT JUDGE:

        Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (together, "Cisco") commenced this action against Defendants Shenzen Tianheng Networks Co., Gezhi Photonics Technology Co., Ltd., Shenzhen Sourcelight Technology Co., Hu Jiangbin, Li Pan, Dong Daoshun, Wang Wei, and Dariocom on November 22, 2019. (Compl., ECF No. 1.) Plaintiff asserts claims for trademark infringement, false description and designation of origin in commerce, federal false advertising, federal dilution of mark, New York dilution of mark and injury to business reputation, New York deceptive and unfair trade practices, unfair competition, and unjust enrichment. (*Id.*) On November 22, 2019, Plaintiff filed a motion for a temporary restraining order ("TRO"), preliminary injunction, alternative service of process and expedited discovery. (ECF No. 3.) On November 26, 2019, the Court denied Plaintiff's motion for a TRO and granted Plaintiff's request for alternative service of process. (ECF No. 6.) On November 27, 2019, Plaintiff requested

the Court reconsider its denial of the TRO, (ECF. No. 7), and the Court heard arguments the same day.

A preliminary injunction is an extraordinary and drastic remedy and should be granted only where the moving party establishes (1) a likelihood of success on the merits, (2) a likelihood that it will suffer irreparable harm if a preliminary injunction is not granted, (3) that the balance of hardships tips in its favor, and (4) that the public interest is not disserved by relief. *JBR, Inc. v. Keurig Green Mtn., Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015). "It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).

Upon the complaint of Cisco, the accompanying declarations and the annexed exhibits, and the memorandum of law submitted in support of this Order, IT IS HEREBY ORDERED that:

1. **Show Cause Hearing.** Defendants Shenzhen Tianheng Networks, Gezhi Photonics Technology Co., Ltd., Shenzhen Sourcelight Technology Co., Hu Jiangbing, Li Pan, Dong Daoshun, Wang Wei, and Dariocom (collectively, "Defendants"), show cause before this Court on December 13, 2019 at 10:00 a.m. at Courtroom 4H North, United State Courthouse, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, why a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining Defendants and their principals, agents, officers, directors, members, servants, employees, successors,

assigns, and all other persons in concert and participation with them, pending the final hearing and determination of this action from:

a. Purchasing, selling, distributing, marketing, manufacturing, or otherwise using any of the CISCO Marks (as defined herein) on any counterfeit or authentic product, or any marks confusingly similar thereto in connection with any Cisco products or other products. The "CISCO Marks" are:

- "CISCO" (Reg. Nos. 1,542,339; 2,498,746; 3,709,076; 3,978,294; 3,985,844; 3,990,147; 4,005,670)

-   (Reg. Nos. 3,759,451)

b. Using any logo, trade name, or trademark confusingly similar to any of the CISCO Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the Defendants or of others are sponsored by, authorized by, or in any way associated with Cisco;

c. Infringing any of the CISCO Marks;

d. Falsely representing any or all of Defendants as being connected with Cisco or sponsored by or associated with Cisco or engaging in any act which is likely to cause the trade, retailers, and/or members of the purchasing public to believe that any or all of Defendants are associated with Cisco;

    e. Using any reproduction, counterfeit, copy, or colorable imitation of any of the CISCO Marks in connection with the publicity, promotion, sale, or advertising of counterfeit Cisco products;

    f. Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Cisco products and from offering such goods in commerce;

    g. Diluting any of the CISCO Marks;

    h. Removing from their premises, or discarding, destroying, transferring, or disposing in any manner any information, computer files, electronic files, business records (including but not limited to e-mail communications), or other documents relating to Defendants' assets and operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products purporting to be Cisco; and

    i. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above.

2. **Temporary Restraining Order.** Pending further order of this Court, Defendants and their owners, principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons in concert and participation with them shall (collectively, the "Restrained Parties") be immediately temporarily restrained from:

a. Purchasing, selling, distributing, marketing, manufacturing, or otherwise using any of the CISCO Marks (as defined above), whether counterfeit or authentic, or any marks confusingly similar thereto in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of counterfeit or authentic Cisco products;

b. Using any logo, trade name, or trademark confusingly similar to any of the CISCO Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the Defendants are sponsored by, authorized by, or in any way associated with Cisco;

c. Infringing any of the CISCO Marks;

d. Falsely representing any or all of the Defendants as being connected with Cisco or sponsored by or associated with Cisco or engaging in any act which is likely to cause the trade, retailers, and/or members of the purchasing public to believe that any or all of the Defendants are associated with Cisco;

e. Using any reproduction, counterfeit, copy, or colorable imitation of any of the CISCO Marks in connection with the publicity, promotion, sale, or advertising of counterfeit Cisco products;

f. Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Cisco products and from offering such goods in commerce;

    g. Diluting any of the CISCO Marks;

    h. Removing from their premises, or discarding, destroying, transferring, or disposing in any manner any information, computer files, electronic files, business records (including but not limited to e-mail communications), or other documents relating to Defendants' assets and operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products purporting to be Cisco; and

    i. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above.

3. **eCommerce Websites.** Immediately upon receipt of this Order, any internet store or online marketplace platform, including, without limitation, iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Facebook, and Dhgate (collectively, "eCommerce Websites") shall disable and be restrained from providing any services or payment to any Restrained Party, currently or in the future, in relation to any Cisco-marked product, including fulfillment of any pending orders; disable and be restrained from displaying any advertisements used by or associated with any Restrained Party in connection with the advertisement, offer for sale, or sale of Cisco-marked products; disable access to any Restrained Party from any platform (including, but not limited to, direct, group, seller product management, vendor product management, and brand registry platforms) of any listings and associated images of Cisco-marked products

(including, but not limited to, any listings and associated images identified by the "parent" or "child" Amazon Standard Identification Numbers ("ASIN"), and any other listings and images of products associated with any "parent" or "child" ASIN linked to any Restrained Party or linked to any other alias of a Restrained Party being used or controlled to offer for sale products bearing the CISCO Marks); and remove links to any online marketplace accounts on which Defendants advertise, offer for sale, or sell Cisco-marked products.

4. **Freezing Defendants' Assets.**

    a. Immediately upon receipt of this Order, Defendants and their owners, principals, agents, officers, directors, members, successors and assigns shall be restrained from secreting, transferring or conveying any assets held by, for, on account of, or for the benefit of Defendants, or in an account owned or controlled by any of the Defendants, or in an account as to which any of the Defendants have signature authority; and provide a full accounting of the restrained assets to counsel for Cisco within three (3) business days of receipt of this Order.

    b. Immediately upon receipt of this Order, any bank, brokerage house, financial institution, credit card association, merchant account provider, escrow service, savings and loan association, payment provider, payment processing service provider, money transmission service, third-party processor, or other financial institution (including, but not limited to, MasterCard, VISA, American Express, Discover, PayPal, Inc., Alipay, Wish.com, Amazon Pay, WeChat Pay, and any

correspondent, issuing, or member bank or account) (collectively, "Payment Services") holding any assets by, for, on account of, or for the benefit of Defendants, or any balance, payable, or receivable owed to or held on account of the Defendants, or for the benefit of Defendants, or in an account as to which any of the Defendants have signature authority, shall locate all accounts and funds, whether located inside or outside the United States, connected to any Defendant and be restrained from releasing such funds until further order of this Court, and within three (3) business days of receipt of this Order shall provide to counsel for Cisco a full accounting of the restrained assets.

    c. Immediately upon receipt of this Order, any eCommerce Website, retailer, wholesaler, fulfillment center, warehouse, or any business or individual that has any money, property, or inventory owned by, or receivable owed to, any Defendant shall hold such money, property, inventory, or receivable until further order of this Court, and shall within three (3) business days of receipt of this Order provide to counsel for Cisco a full accounting of all money, property, inventory, and receivables being held.

5. **Domain Names.**

    a. Immediately upon receipt of this Order, any registrar for any domain names owned, operated, or controlled by, or otherwise associated with, any Defendant (including, but not limited to, the domain names identified in Schedule A attached hereto) (collectively, "Domain Names"), shall disable and be restrained from providing any services to any Defendant, currently or in the

future, in relation to any Cisco-marked product; deposit with a registrar of Cisco's choosing ("New Registrar") the domain certificates of any domain names owned, operated, or controlled by, or otherwise associated with, any Defendant pending final hearing and determination of this action; and be restrained from transferring use and control of any of the Domain Names to any individual or entity other than the New Registrar.

  b. For Domain Names that have been transferred from any of the Defendant's control to the New Registrar pending the final hearing and determination of this action, the New Registrar shall disable and redirect the Domain Names to a link, provided by Cisco by December 5, 2019, on which copies of the Summons, Complaint, and this Order, together with copies of the papers in support thereof, are electronically published. After the New Registrar has effected this change, the Domain Names shall be placed on lock status, preventing the modification or deletion of the Domain Names by the New Registrar or any Defendant, until further order of this Court.

  c. The Defendant shall be otherwise restrained from, or directing others to engage in, modifying control of or transferring use and control of any of the Domain Names.

6. **Sequestration and Inspection of Cisco-Marked Products.** Immediately upon receipt of this Order:

a. Defendants shall sequester and deliver to counsel for Cisco all Cisco-marked products in their inventory, possession, custody, or control to be examined and held by Cisco until further order of this Court.

b. Any eCommerce Website (as defined above) shall sequester all Cisco-marked products offered for sale by any Defendant that are in its possession, custody, or control until further order of this Court.

7. **Expedited Discovery from the Defendants.** Within three (3) business days of receipt of this Order, the Defendants shall produce to Cisco a summary document showing the dates, quantities, names, addresses, and other contact information, including any and all associated email addresses, of all suppliers and customers for the preceding twenty-four (24) months from whom they have purchased or to whom they have sold any products bearing the CISCO Marks.

8. **Expedited Discovery from Third Parties.** Within three (3) business days of receipt of this Order, any Payment Service or eCommerce Website shall produce to Cisco expedited discovery, including copies of all documents and records in such person's or entity's possession, custody, or control relating or referring to:

    a. the names, addresses, and other contact information, including any and all associated email addresses, of any of the Defendants;

    b. the nature of any of the Defendants' operations as related to Cisco-marked products, including, but not limited to, identifying information associated with any internet stores or online marketplace accounts, methods of payment,

transportation, and listing history concerning the advertisement, offer for sale, or sale of Cisco-marked products;

c. any online marketplace accounts registered by Defendants, along with the true identities and contact information of the registrants of each online marketplace account to the extent the privacy protection service for any of Defendants' internet stores, seller identifications, online marketplace accounts, commercial internet websites, store URLs, and email addresses has concealed the registrant's identity and contact information;

d. any financial accounts owned, controlled, or held for the benefit of any Defendant, including such accounts residing with or under the control of any Payment Service (as defined above); and

e. the names and electronic and physical addresses of every known owner and employee of each Defendant.

9. **Surety Bond.** On or before Tuesday, December 3, 2019, Cisco shall post an undertaking with the Clerk of the Court in the form of a bond, cash, or check in the amount of $10,000 as security for the payment of such costs and damages as may be incurred or suffered by any party as a result of any undue harm caused by this Order, and that such undertaking, if in the form of check or cash, shall be held in an interest-bearing account.

10. **Service.** Immediately upon receiving confirmation regarding the funds restrained as directed by Paragraphs 4(b) and 4(c) of this Order, and no later than December 5, 2019, Cisco shall serve Defendants a copy of the Summons, Complaint and this Order,

together with copies of the papers in support thereof pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial documents as specified in Federal Rule of Civil Procedure 4(f)(1). Cisco's request for alternative service of process by email is DENIED without prejudice to renew based on the information Cisco receives in expedited discovery.

11. **Opposition Deadline.** Opposition papers, if any, shall be filed by Defendants with this Court and personally served upon Cisco's counsel, Geoffrey Potter, Patterson Belknap Webb & Tyler LLP, at their offices at 1133 Avenue of the Americas, New York, New York 10036, or by email at gpotter@pbwt.com on or before December 12, 2019.

12. **Filing Under Seal.** All papers submitted in this action, including those heretofore submitted, shall be filed by the Clerk of the Court under seal, and shall remain filed under seal until further order of this Court.

/s/ LDH  
LaSHANN DeARCY HALL  
UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, NY  
November 29, 2019 at 8:30 p.m.