UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
CISCO SYSTEMS, INC. and CISCO
TECHNOLOGY, INC.,

                           Plaintiffs,

            -against-

SHENZHEN TIANHENG NETWORKS CO;
GEZHI PHOTONICS TECHNOLOGY CO., LTD.;
SHENZHEN SOURCELIGHT TECHNOLOGY
CO.; HU JIANGBING; LI PAN; DONG
DAOSHUN; WANG WEI; and DARIOCOM,

                          Defendants.
------------------------------------------------------------- x

19-CV-06609

**SECOND DECLARATION OF
R. JAMES MADIGAN III**

R. James Madigan III, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.     I am an associate with the law firm Patterson Belknap Webb & Tyler LLP, attorneys for plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (together, "Cisco"). I make this declaration on personal knowledge in further support of Cisco's January 14, 2020 letter submitted pursuant to the Court's January 2, 2020 Order, including Cisco's renewal of its motion for alternative service, in response to the directives issued by the Court at the January 21, 2020 hearing, and to place before this Court certain facts additional to those provided in my January 14, 2020 declaration.

**Defendants' Physical Addresses**

2.     As part of its investigation into the counterfeit Cisco transceivers being offered online and being sold into the United States by the Defendants, which included public records searches, Cisco identified the following physical addresses for the four corporate Defendants:

11592307

a. Shenzhen Tianheng Networks Co. ("Shenzhen Tianheng"): 9A-1-C01, Tianxiang Building, Chegongmiao, Futian District, Shenzhen, Guangdong, China

b. Gezhi Photonics Technology Co., Ltd. ("Gezhi Photonics"): 13F, Weidonglong Tech Building, Meilong Road, Longhua District, Shenzhen, Guangdong, China

c. Shenzhen Sourcelight Technology Co. ("Shenzhen Sourcelight"): 6/F, Longsheng Industrial Zone 7 Bldg., Longhua District, Shenzhen, Guangdong, China

d. Dariocom: No. 3 Bldg, Fuzhong Ind Xiashiwei Road, Fuyong Town, Baoan District, Shenzhen, Guangdong, China

These are the addresses that Cisco identified in the Complaint and the Summons.

3. The address for Hu Jiangbing, Li Pan, Dong Daoshun, and Wang Wei (the "Individual Defendants"), as provided for in the Summons, was the same address as that identified for Shenzhen Sourcelight: 6/F, Longsheng Industrial Zone 7 Bldg., Longhua District, Shenzhen, Guangdong, China. As set forth in the declaration of Jozef White, submitted in support of Cisco's motion for an order to show cause, Cisco located public Chinese government records online that identified the Individual Defendants as the principals of Shenzhen Sourcelight. *See* November 20, 2019 Declaration of Jozef White ¶ 6 & Ex. 2. Those records, however, did not identify any of the Individual Defendants' personal mailing or physical addresses. None of the expedited discovery received to date has shed any additional light on the personal addresses for the Individual Defendants.

4. The addresses identified to the Ministry of Justice of China for service in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents are the addresses identified in the Summons.

11592307

5. In addition to the addresses identified in the Summons, the declaration submitted by Carlo Vogel, also submitted in support of Cisco's motion for an order to show cause, identifies other addresses used by the Defendants in their invoices and on their shipping labels. Those physical addresses are as follows:

   a. For Shenzhen Tianheng, the invoice identifies Unit 04, 7/F Bright Way Tower, No.33, Mong Kok Road, Kowloon, Hong Kong; and the shipping label identifies Wing Lung Bank, Mr Band c/o Leadon, Flat 1 No 3 Bldg Fuzhong Ind Xiashiwei Rd, Fuyong Town, Baoan Shenzhen, Hong Kong

   b. For Gezhi Photonics, while the invoice identifies the same address as that in the Summons and Complaint, the shipping label identifies Yan Rui International Tech Co Ltd, Shuao Ca, Flat B, 6/F Dragon Industrial Building No 93 King Lam Street, Cheung Sha Wan, Kowloon, Hong Kong

   c. For Shenzhen Sourcelight, while the invoice identifies the same address as that in the Summons and Complaint, the shipping label identifies HK Marco Polo Trade Co Ltd, MS Lai, Rm 1510, 15/F, 9 Wing Hong St, Cheung Sha Wan, Hong Kong

   d. For Dariocom, the shipping label identifies the same address as that in the Summons and Complaint

*See* November 20, 2019 Declaration of Carlo Vogel at 4-5, 9-11, 15-18.

6. In a good faith attempt to provide Defendants with notice of this action in every way possible, and while not intended as a means of effecting service or as a primary means of providing notice to Defendants, on December 3, 2019, I caused copies of the papers filed and orders entered in this action, including the Court's November 29, 2019 Order to Show Cause for

11592307

a Temporary Restraining Order and Preliminary Injunction ("Order to Show Cause"), to be sent by FedEx International Priority delivery to all of the above addresses.

7.  Pursuant to the discussion with the Court yesterday, I located and reviewed the tracking records for each of those 16 FedEx shipments. Those tracking records show that the attempted delivery by FedEx to each identified address failed in the following ways:

a. Shenzhen Tianheng, 9A-1-C01, Tianxiang Building, Chegongmiao, Futian District, Shenzhen, Guangdong, China: "Incorrect address – Apartment/Suite number"

b. Gezhi Photonics, 13F, Weidonglong Tech Building, Meilong Road, Longhua District, Shenzhen, Guangdong, China: "Refused by recipient"

c. Shenzhen Sourcelight, 6/F, Longsheng Industrial Zone 7 Bldg., Longhua District, Shenzhen, Guangdong, China: "Incorrect address"

d. Hu Jiangbing, 6/F, Longsheng Industrial Zone 7 Bldg., Longhua District, Shenzhen, Guangdong, China: "Incorrect address"

e. Li Pan, 6/F, Longsheng Industrial Zone 7 Bldg., Longhua District, Shenzhen, Guangdong, China: "Incorrect address"

f. Dong Daoshun, 6/F, Longsheng Industrial Zone 7 Bldg., Longhua District, Shenzhen, Guangdong, China: "Shipment cancelled by sender"

g. Wang Wei, /F, Longsheng Industrial Zone 7 Bldg., Longhua District, Shenzhen, Guangdong, China: "Incorrect address"

h. Dariocom, No. 3 Bldg, Fuzhong Ind Xiashiwei Road, Fuyong Town, Baoan District, Shenzhen, Guangdong, China: "Shipment cancelled by sender"

i. Shenzhen Tianheng, Unit 04, 7/F Bright Way Tower, No.33, Mong Kok Road, Kowloon, Hong Kong: "Refused by recipient"

j. Shenzhen Tianheng, Flat 1 No 3 Bldg Fuzhong Ind Xiashiwei Rd, Fuyong Town, Baoan Shenzhen, Hong Kong: "Incorrect address"

k. Gezhi Photonics, Flat B, 6/F Dragon Industrial Building No 93 King Lam Street, Cheung Sha Wan, Kowloon, Hong Kong: "Incorrect address – Recipient moved" and "Customer not available or business closed"

l. Shenzhen Sourcelight, Rm 1510, 15/F, 9 Wing Hong St, Cheung Sha Wan, Hong Kong: "Customer not available or business closed" and "Business closed – No delivery attempt"

m. Hu Jiangbing, Rm 1510, 15/F, 9 Wing Hong St, Cheung Sha Wan, Hong Kong: "Customer not available or business closed" and "Business closed – No delivery attempt"

n. Li Pan, Rm 1510, 15/F, 9 Wing Hong St, Cheung Sha Wan, Hong Kong: "Customer not available or business closed" and "Business closed – No delivery attempt"

o. Dong Daoshun, Rm 1510, 15/F, 9 Wing Hong St, Cheung Sha Wan, Hong Kong: "Customer not available or business closed" and "Business closed – No delivery attempt"

p. Wang Wei, Rm 1510, 15/F, 9 Wing Hong St, Cheung Sha Wan, Hong Kong: "Customer not available or business closed" and "Business closed – No delivery attempt"

11592307

Attached as **Exhibits 1-16** are true and correct copies of these tracking records. The two tracking records that state "Shipment cancelled by sender" were cancelled by my office after a FedEx representative informed my assistant that delivery could not be made at the address.

8. These records show that the Defendants have provided multiple, competing physical addresses, many of which appear to be incomplete. After a diligent search, it is therefore virtually impossible to determine the Defendants' true locations.

9. Attached as **Exhibit 17** is a true and correct copy of the Declaration of Kerry M. Mustico, submitted in *Elsevier, Inc. v. Siew Yee Chew*, No. 17-cv-6225-JGK-GWG, Dkt. No. 41 (S.D.N.Y. Feb. 2, 2018).

**Defendants' Email Addresses**

10. Through its investigation into Defendants, Cisco also identified email addresses used by them to conduct their illicit business. As explained in Cisco's November 22, 2019 Memorandum of Law in Support of Order to Show Cause at pages 32-33, and as demonstrated in Mr. Vogel's supporting declaration, the following email addresses are owned and used by the following Defendants to conduct their business: thofly@live.com by Shenzhen Tianheng; ena@gezhiphotonics.com by Gezhi Photonics; and ayu@sourcelight.com.cn by Shenzhen Sourcelight and the Individual Defendants. *See* Vogel Decl. ¶¶ 7-8, 18, 24, 26.

11. On December 4, 2019, I sent copies of the papers filed and orders entered in this action to each of these email addresses. I subsequently sent a copy of the Court's January 2, 2020 Order and January 17, 2020 Order to the email addresses for Shenzhen Tianheng and Shenzhen Sourcelight, as well as to outside legal counsel for Gezhi Photonics, who after receiving my emails, initiated contact with my office on December 12, 2019 to engage in settlement discussions.

12. On January 14, 2020, at the same time Cisco was hand delivering its January 14, 2020 letter to the Court, Amazon identified Geoff Rubin as Dariocom's contact and provided the email address that Dariocom used to conduct its business on Amazon: gmr5491@gmail.com. I immediately sent copies of the papers filed and orders entered in this action, including the Court's January 2, 2020 Order, to this email address.

13. My emails to the Defendants were successfully delivered. To date, two of the four corporate Defendants have responded directly to my emails. First, prior to receiving an email from Gezhi Photonic's counsel, I received an email from Gezhi Photonic's Ena Lin, ena@gezhiphotonics.com, who wrote in response to my email providing notice of the action, the papers filed by Cisco, and the Order to Show Cause. In addition to expressing sadness in receiving the bad news, she informed me that Gezhi Photonics did not have the time and money to come to New York to deal with this issue. Similarly, on January 15, I received a response email from Dariocom's Geoff Rubin, gmr5491@gmail.com. Mr. Rubin stated that Dariocom had purchased Cisco products from Chinese suppliers, that Amazon advised him of a problem, and that he took immediate action not to sell any more of those items. As to the remaining Defendants, while none of the emails I have sent have been returned as undeliverable, neither Cisco nor counsel for Cisco has received a response or otherwise been contacted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on January 22, 2020.

*/s/ R. James Madigan III*
R. JAMES MADIGAN III

11592307