UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CISCO SYSTEMS, INC. and CISCO TECHNOLOGY, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> SHENZHEN TIANHENG NETWORKS CO; SOURCELIGHT PHOTONICS TECHNOLOGY CO., LTD.; SHENZHEN SOURCELIGHT TECHNOLOGY CO.; HU JIANGBING; LI PAN; DONG DAOSHUN; WANG WEI; and DARIOCOM, <br><br> Defendants. | 19-CV-06609 <br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

   On consent of Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (together, "Cisco"), and Defendants Shenzhen Sourcelight Technology Co., Hu Jiangbing, Li Pan, Dong Daoshun, and Wang Wei (collectively, "Sourcelight"), it is hereby ORDERED, ADJUDGED, AND DECREED:

   WHEREAS, on November 22, 2019, Cisco filed its complaint in *Cisco Systems, Inc. et al. v. Shenzhen Tianheng Networks Co et al.*, No. 19-CV-06609 (the "Action") in the United States District Court for the Eastern District of New York (the "Court"), asserting claims for, among other things, federal trademark infringement, false description and designation of origin in commerce, federal false advertising, federal and state trademark dilution, state unfair competition, state deceptive and unfair trade practices, and common law unjust enrichment, and alleging that Sourcelight, without authorization from Cisco, purchased, marketed, advertised, distributed, sold, offered for sale, and otherwise used in commerce in the United States counterfeit CISCO® branded pluggable transceiver modules, all of which claims, Cisco has alleged, have given rise to significant damages; and

   WHEREAS, in order to avoid the costs and expenses related to litigation, Cisco and Sourcelight wish to mutually release each other from certain liability and claims;

   NOW THEREFORE, in consideration of the promises, releases, representations, and warranties set forth herein, the sufficiency of which is acknowledged by all parties to this Consent Judgment, Cisco and Sourcelight agree to be bound.

   1.  Sourcelight, along with its principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, and all other persons in active concert and participation with them, or who

otherwise aid and abet Sourcelight, are permanently enjoined from manufacturing, buying, selling, importing, marketing, advertising, distributing, or in any way using in United States commerce any goods bearing any of the following marks, or any reproduction, counterfeit, copy, colorable imitation of, or any logo, trade name, or trademark confusingly similar to any of the following marks, or otherwise infringing or diluting any of the following marks (the "Cisco Marks"):

- "CISCO" (Reg. Nos. 1,542,339; 2,498,746; 3,709,076; 3,978,294; 3,985,844; 3,990,147; 4,005,670)

-  (Reg. Nos. 3,759,451).

2.  Sourcelight, along with its principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, and all other persons in active concert and participation with them, or who otherwise aid and abet Sourcelight, are further permanently enjoined from mentioning "Cisco" or using any of the Cisco Marks in its publicity, promotion, or advertising, including, without limitation, on any domain name, website, uniform resource locator (URL), internet store, or online marketplace platform, including, without limitation, Amazon and Alibaba.

3.  Sourcelight, along with its principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, and all other persons in active concert and participation with them, or who otherwise aid and abet Sourcelight, are further permanently enjoined from using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Sourcelight are sponsored by, authorized by, or in any way associated with Cisco, or affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Cisco products, or engaging in any act which is likely to cause the trade, retailers, or members of the purchasing public to believe that Sourcelight is associated with Cisco.

4.  Upon the Effective Date, all purchases and sales of Cisco products are to be controlled by the terms of this Consent Judgment. As used herein, the "Effective Date" shall mean one business day after the first of the following to occur:

    (a)   the receipt by Cisco of Sourcelight's settlement payment; or

    (b)   the filing of this Consent Judgment.

5.  Beginning on the Effective Date, Sourcelight and its parent companies and subsidiaries shall maintain complete records of their purchases and sales of all products for a period of four years. Cisco shall have the right, upon at least thirty days prior written notice, to

have an independent firm audit Sourcelight's records of purchases and sales of all products. Cisco's right to such an audit shall not be exercised more than once in any twelve-month period.

      6.     Sourcelight and its principals may not invest in, control, have any direct or indirect ownership interest in, work for, lend money to, or participate in any business that violates any term of this Consent Judgment.

      7.     If Sourcelight is found by the court to have violated the prohibitions of this Consent Judgment or has failed to maintain complete records of their violations, Cisco is entitled at its election to liquidated damages of $10,000 per counterfeit Cisco product that Sourcelight sells (or has sold on its behalf by its principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, and all other persons in active concert and participation with them, or who otherwise aid and abet Sourcelight in violating this Consent Judgment) that violate this Consent Judgment; or to Cisco's actual, statutory, and punitive damages.  Where Sourcelight has failed to maintain complete records of its violations, all sales by Sourcelight within the period of Sourcelight's record-keeping failure shall be considered counterfeit Cisco sales in violation of this Consent Judgment and shall be subject to Cisco's damages election.  In any action, regardless of which measure of damages Cisco selects, it shall be entitled to recover its attorneys' fees and investigator fees for finding and demonstrating that Sourcelight has violated this Consent Judgment and otherwise incurred in connection with obtaining, enforcing, and collecting an award of damages.  All liability will be joint and several among Sourcelight and its principals.

      8.     In addition to other remedies, including damages, for contempt of this Consent Judgment, in the event of breach or violation by Sourcelight along with its principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, and all other persons in active concert and participation with them, or who otherwise aid and abet Sourcelight in violating this Consent Judgment, Cisco is entitled to a preliminary and permanent injunction against the breaching conduct upon a showing of a possibility of success of establishing that such a breach occurred.

      9.     Cisco and Sourcelight each agree that jurisdiction and venue for an action for contempt of this Consent Judgment exists in the United States District Court for the Eastern District of New York.  In such an action, Sourcelight shall waive any and all defenses based upon personal jurisdiction, subject matter jurisdiction, and venue.

      10.     Sourcelight agrees to assist Cisco in the prosecution of the Action. Sourcelight also agrees to assist Cisco in the prosecution of any future pleading, discovery, or action related to the subject matter of the Action.  Sourcelight further agrees to alert Cisco to any future sales or purchases of counterfeit Cisco products in the United States of which Sourcelight becomes aware and to assist Cisco in pursuing those cases.  The assistance contemplated by this paragraph shall include Sourcelight notifying Cisco about and sharing any information Sourcelight possesses or comes to possess in the future concerning the importation, manufacturing, purchase, marketing, advertisement, distribution, sale, offer for sale, or use in commerce in the United States of Cisco products, and Sourcelight's agreement, upon receipt of reasonable written notice, to testify at any deposition, hearing, or trial relating to counterfeit

Cisco products.

11. Sourcelight hereby assigns to Cisco any and all of Sourcelight's known and unknown, suspected and unsuspected claims, demands, causes of action, damages, accounts, reckonings, costs, expenses, and actions of any nature whatsoever on account of or arising out of the subject matter of the Action, which Sourcelight now has, owns, or holds, or at any time may hereafter have, own, or hold against any other defendant or non-party to the Action, or otherwise relating to Sourcelight's importation, purchase, marketing, advertisement, distribution, sale, offer for sale, and/or use in commerce in the United States of counterfeit Cisco products.  This includes, but is in no way limited to, claims for indemnity or contribution.

12. This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this Action is hereby dismissed, with prejudice, only as to Sourcelight, without costs or attorneys' fees, save that this District Court shall retain jurisdiction over this action, including, without limitation, over implementation of or disputes arising out of this Consent Judgment with regard to Sourcelight or its principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries.  Cisco, in addition to any award of damages or injunctive relief, shall be entitled to an award of attorneys' fees and costs and investigators' fees and costs in connection with a violation of this order by Sourcelight or its principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries.

13. Sourcelight hereby states that it has agreed to this Consent Judgment solely to avoid further litigation.  In no event shall this Consent Judgment or any negotiations leading thereto be construed, deemed, or asserted to be evidence of an admission or a concession on the part of any party to this Consent Judgment of any fault or liability or damages whatsoever.  To the extent allowable by law, this Consent Judgment shall have no precedential value or effect and shall not be admissible in any other action or proceeding, except in any action or proceeding to enforce this Consent Judgment, any action or proceeding contemplated by the terms of this Consent Judgment, or any action or proceeding relating to any contemporaneous Agreement among the parties to this Consent Judgment.

14. Signatures to this Consent Judgment transmitted electronically or by facsimile shall be deemed original.

{Signatures on following page}

11764095v.1

Dated:  April 30, 2020

CONSENTED AND AGREED TO BY:

PATTERSON BELKNAP WEBB &
TYLER LLP

_____
By:     Geoffrey Potter
            gpotter@pbwt.com
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
Attorneys for Cisco Systems, Inc. and Cisco Technology, Inc.

Cisco Systems, Inc. and Cisco Technology, Inc.

*William W. Friedman*
_____
By: William W. Friedman
For: Cisco Systems, Inc.

_____
By: Dan Lang
For: Cisco Technology, Inc

MAINLEAF LAW GROUP PLLC

_____
By:     Yue Niu
            niu@mainleaf-law.com
545 W. 48th Street
New York, New York 10036
Chaoyangmenwai Avenue No. 8 Fuhua Tower F-8A
Dongcheng District
Beijing, China
+86-130-5139-8565
Attorneys for Shenzhen Sourcelight Technology Co., Hu Jiangbing, Li Pan, Dong Daoshun, and Wang Wei

Shenzhen Sourcelight Technology Co.

_____
By:

_____
Hu Jiangbing

_____
Li Pan

_____
Dong Daoshun

_____
Wang Wei

5

11764095v.1

Dated: April __, 2020

CONSENTED AND AGREED TO BY:

PATTERSON BELKNAP WEBB & TYLER LLP

_____
By: Geoffrey Potter
gpotter@pbwt.com
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
Attorneys for Cisco Systems, Inc. and Cisco Technology, Inc.

Cisco Systems, Inc. and Cisco Technology, Inc.

_____
By:

X
Hu Jiangbing

X

X

X

X

MAINLEAF LAW GROUP PLLC

/s/ Yue Niu
_____
By: Yue Niu
niu@mainleaf-law.com
545 W. 48th Street
New York, New York 10036
Chaoyangmenwai Avenue No. 8 Fuhua Tower F-8A
Dongcheng District
Beijing, China
+86-130-5139-8565
Attorneys for Shenzhen Sourcelight Technology Co., Hu Jiangbing, Li Pan, Dong Daoshun, and Wang Wei

Shenzhen Sourcelight Technology Co.

X  *Hu Jiangbing*
_____
By: Hu Jiangbing

X  *Hu Jiangbing*
_____
Hu Jiangbing

X  *Li Pan*
_____
Li Pan

X  *Dong Daoshun*
_____
Dong Daoshun

X  *Wang Wei*
_____
Wang Wei

5

SO ORDERED:

s/ LaShann DeArcy Hall    May 6, 2020
_____
UNITED STATES DISTRICT JUDGE

11586751
11764095v.1